UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
99 SEP -2 PM 2: 05
U.S. DISTRICT COURT
N.D. OF ALABAMA

ZANDRA SHIRLEY,           )
                          )
   Plaintiff.             )
                          )
vs.                       )   CV-99-BU-2285-M
                          )
RANGER INSURANCE COMPANY, )
BANKS, WEAVER & YOUNG     )
INSURANCE GROUP, INC.,    )
                          )
   Defendants.            )

ENTERED
SEP 0 2 1999

## MEMORANDUM OPINION

    This Court, having considered the Notice of Removal (Doc. 1) filed by Defendant Banks, Weaver & Young Insurance Group, Inc. [hereinafter "BWY"] and joined by Defendant Ranger Insurance Company [hereinafter "Ranger"],[1] finds that this case is due to be remanded to the Circuit Court of Etowah County, Alabama.

    Plaintiff Zandra Shirley filed this case against Ranger and BWY, alleging

---

[1]From the *Commentary on 1988 Revision of Section 1446*, set forth in 28 U.S.C.A. 1446, non-diverse, allegedly fraudulently-joined Defendant or Defendants may not remove an action. David Seigel, *Commentary on 1988 Revision of Section 1446* (The **defendants with the diverse citizenship**, who want to remove, may not be entirely helpless. If they can produce evidence to convince the court that the nondiverse defendant can in no way be liable under the applicable substantive law as applied to the facts as pleaded, they might convince the court to apply the so-called 'fraudulent joinder' doctrine." (Emphasis added)).
    However, since Ranger Insurance, the diverse Defendant, has joined this action, the Court will not decide whether the non-diverse, allegedly fraudulently joined Defendant can remove the action.

misrepresentation, breach of contract, bad faith, negligence, and wantonness, with regard to property insurance policies placed with Ranger by BWY. Defendants removed this case from the Etowah County Circuit Court, alleging that the joinder of BWY, an Alabama corporation, was fraudulent.

The Court finds that there are two grounds upon which to remand this case: (1) untimely removal and (2) lack of subject-matter jurisdiction.

### 1. TIME FOR REMOVAL

The law regarding the procedure for removal is clear; "[t]he notice of removal of a civil action or proceedings shall be filed in the district court **within thirty days** after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b) (emphasis added). The Notice of Removal states that Defendants received the Complaint on **July 30, 1999**; the Notice of Removal was filed on **August 30, 1999**. Therefore, the Notice of Removal was filed **31 days** after Defendants received the Complaint, or one day too late.

### 2. LACK OF SUBJECT-MATTER JURISDICTION

This Court, after a review of the record, finds that BWY was not fraudulently joined in this action; therefore this Court is without subject-matter jurisdiction and the case is due to be remanded to the Circuit Court of Etowah County.

Federal courts are courts of limited jurisdiction. Therefore, this Court may hear only cases that the Constitution or Congress has authorized. A federal court has jurisdiction over cases involving parties from different states when the amount in controversy exceeds

$75,000, excluding interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The defendant, in such a case, may remove an action from state court to federal court if the case originally could have been brought in federal court. 28 U.S.C. § 1441(a).

A defendant seeking to remove a case from state court to federal court has the burden of proving the existence of federal jurisdiction. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Because federal jurisdiction is limited, the Eleventh Circuit has held that cases removed from state court are to be remanded "where federal jurisdiction is not **absolutely** clear." *Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998)(citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994))(emphasis added). To this end, removal statutes are strictly construed, with all doubts resolved in favor of remand. *Id.* (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied*, 520 U.S. 1162, 117 S. Ct. 1349, 137 L. Ed. 2d 506 (1997)). Moreover, all facts alleged in the Complaint are construed in favor of Plaintiff and all "uncertainties' regarding the substantive state law are resolved in favor of Plaintiff. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

Plaintiff's Complaint alleges that BWY was the agent of Ranger and that it "negligently/wantonly placed insurance coverage on the Plaintiff's building . . . in such an excessive amount as to constitute negligence and wantonness." Complaint, ¶¶ 11-13. Defendants removed this case on the ground that Defendant BWY, an Alabama corporation, was fraudulently joined in this action.

3

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). If Plaintiff fraudulently joined BWY, this Court has jurisdiction over this action. If Plaintiff did not fraudulently join BWY, this Court is without jurisdiction and this matter must be remanded to the Etowah County Circuit Court.

Joinder is "fraudulent" for purposes of determining if removal was proper in three ways:

> 1. "[T]here is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Triggs*, 154 F.3d at 1287 (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded, on other grounds, by statute, as stated in Georgetown Manor,Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993).
>
> 2. "[T]here is outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* (citing *Coker*, 709 F.2d at 1440).
>
> 3. "[A] diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Id.* (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)).

Defendants assert the first type of fraudulent joinder. They contend that there is no "valid claim" against BWY because:

> Under [the] facts as alleged in the complaint and revealed in the attached insurance policy, only the named insured/owner of the insurance policy, "Nealco Products, Inc., and Metal Tools, Inc." may bring this claim against [BWY], if any such claim exists, for providing too much insurance coverage on the real estate made the issue of this suit. If a viable cause of action exists over insuring property, only the entity which owns the policy or had paid premiums on the policy, may bring suit.

Notice of Removal ¶ VIII. Moreover, Defendants contend, without citation, that "Alabama

4

law does not recognize a cause of action for the issuance of an insurance policy which, if as is alleged by plaintiff, over insures a policy." *Id*. These assertions, however, do not demonstrate that there is no viable claim against BWY.

The *Triggs* Court held:

> "If there is a ***possibility*** that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a ***possibility*** of stating a valid cause of action in order for the joinder to be legitimate.

*Id*. (quoting *Coker*, 709 F.2d at 1440-41)(emphasis added). Thus, in order for this Court to find that the joinder of the resident agent was fraudulent, this Court must find that the Alabama court would find that the Complaint fails to state a valid claim against Mr. Reed.

In Alabama, in determining whether a complaint fails to state a claim, "[A] court construes the allegations of the complaint in a light most favorable to the plaintiff, with all doubts and allegations resolved in his favor." *Selma Foundry & Supply Company, Inc. v. Peoples Bank & Trust Co.*, 598 So.2d 844, 849 (Ala. 1992)(quoting *Morton v. Prescott*, 564 So.2d 913, 916 (Ala.1990)). Moreover, a complaint does not fail to state a claim "unless it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief under some cognizable theory of law." *Id*.

Under Alabama state court rules, an action "shall not be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest . . . . Ala. R. Civ. P. 17(a). The federal rule is

5

similar. Fed. R. Civ. P. 17(a). Therefore, it is axiomatic that this Court cannot find that the joinder of BWY is fraudulent on the basis that the action was not brought in the name of the real party.

Moreover, Plaintiff's Complaint sufficiently sets forth a claim of negligence and/or wantonness against BWY. Plaintiff contends that BWY inspected her building for purposes of "estimating its value." Complaint, ¶ 4. She also contends that thereafter BWY placed insurance with Ranger for over $400,000.00, and that she paid for $400,000.00 worth of insurance. This allegation is certainly sufficient under Alabama law to state a claim against BWY. Because the Complaint states a claim against BWY, an Alabama resident, there is not complete diversity in this case. Thus, the Court does not have jurisdiction and the cause is due to be remanded.

## CONCLUSION

Based on the foregoing, this Court finds that Defendants did not timely file their Notice of Removal and that they have failed to show that BWY was fraudulently joined. This action will be REMANDED to the Circuit Court of Etowah County in a separate order entered contemporaneously herewith.

DONE this 2ND day of September, 1999.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE